# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP NORRIS THOMPSON,<br><br>Petitioner,<br><br>v.<br><br>JOSIE GASTELO, Warden,<br><br>Respondent. | Case No. CV 17-4081 SVW (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION WITHOUT PREJUDICE** |

The Court summarily dismisses this action without prejudice pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

1. Petitioner is a state prisoner. He is serving a life sentence based on his 1999 conviction for first degree murder.

2. Petitioner previously sought habeas relief in this Court related to that conviction. The Court denied the habeas petition on the merits in 2005. Thompson v. Garcia, No. CV 02-2492 GHK (FMO (C.D. Cal.) (Docket # 19). The United States Court of Appeals for the Ninth Circuit declined to issue a certificate of appealability. (Docket # 29.)

3.  Petitioner's current action argues that a recent state court judicial decision regarding California's jury instructions for murder liability (People v. Chiu, 59 Cal. 4th 155 (2014)) impacts Petitioner's long-concluded criminal case. The petition was not accompanied by a certificate from the Ninth Circuit authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b). Petitioner failed to disclose the existence of his earlier habeas action in this Court. (Petition at 7.)

4.  The Attorney General subsequently moved to vacate the order requiring it to respond to the petition and to dismiss the action as successive. (Docket # 8.) Petitioner filed a short response to the motion that failed to identify any legitimate reason under federal law why the Court should consider this second habeas action.

* * *

5.  If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

6.  Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas

petition before the new petition may be filed in district court. Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

7. The current petition challenges Petitioner's 1999 murder conviction. The Court previously denied habeas relief regarding that criminal conviction. (CV 02-2492.) Petitioner failed to obtain permission from the federal appellate court to bring the present habeas action. On this basis, the current petition is subject to summary dismissal. See 28 U.S.C. § 2244(b); Burton, 549 U.S. at 156.

\* \* \*

Because the Court does not have jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: 11/15/2017

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE